## No. 333
## WORKMAN v. STATE

Ohio Appeals, 1st Dist., Clermont Co.

No. 88.    Decided Feb. 21, 1927

683. JURY—Punishment for non-attendance of jurors summoned on venire, or discharge from attendance, are matters between the court and the jurors and the parties cannot, as of right, interfere therein.

### First Publication of this Opinion

CUSHING, J.

Scott Workman was indicted and convicted in the Clermont Common Pleas of murder in the first degree, without recommendation of mercy. The defense was insanity; defendant having claimed that the shots were fired in the heat of passion or accidentally. The victim was the wife of the defendant.

Error was prosecuted and it was claimed that the court erred in impaneling the jury, and that the passion and prejudice of the prospective jurors were aroused by reason of the manner in which the State conducted its examination. The Court of Appeals held:

1. It is claimed that one Long, a name of a prospective juror contained in the venire, was not served personally although the sheriff's return showed him to be so served.

2. The attendance, or non-attendance and the punishment of jurors for non-attendance and their discharge from attendance are matters between the Court and the Jurors, and the parties cannot, of right, interfere therein. Bond v. State, 23 OS. 349, 355.

3. In examination of jurors on voir dire, the sustaining and overruling of challenges for cause are all within the court's discretion, and verdict will not be set aside unless shown that such discretion was abused, and that a fair and impartial jury was not impaneled. Lindsey v. State, 69 OS. 215.

4. There was no error prejudicial to defendant in the admission of defendant's written confession, as the court had the jury retire and followed the proper procedure in determining the admissibility of the writing.

5. The whole subject of insanity was submitted to the jury under a well stated and quite favorable charge to the defendant: and the verdict is sustained by sufficient evidence and is not contrary to law.

Judgment therefore amrmed.

(Hamilton, PJ., and Buchwalter, J., concur.)

Attorneys—Clarence N. Young and Hugh M. Davidson for Workman; Carl Z. Garland and Harry Britton for State; all of Batavia.